# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL SCHMALTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-00677-AGF |
| | ) |
| ALACIOUS MCKISSIC, et al., | ) |
| | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Michael Schmaltz for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the financial information submitted in support, the Court finds that the motion should be granted. Additionally, for the reasons discussed below, plaintiff will be directed to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant who brings this civil action against defendants Alacious McKissic and Elma McBroom. Defendant McKissic is the apartment manager at the Stamping Lofts in St. Louis, Missouri. (Docket No. 1 at 2). Defendant McBroom is an "alleged caseworker" at the St. Patrick's Center. (Docket No. 1 at 3). He states that his case arises under 18 U.S.C. § 241 – Conspiracy against rights. (Docket No. 1 at 4).

Plaintiff states that on October 22, 2018, he reported a rodent infestation to defendant McKissic. (Docket No. 1 at 7). He informed McKissic that the rodents had caused him to fall and hurt himself. He states that McKissic responded by threatening to throw plaintiff out of the building because plaintiff had damaged apartment property. Plaintiff asserts that the unspecified property damage he caused was his "first negative incident" during his tenancy at Stamping Lofts. He further asserts that McKissic "went on a rampage," and that she threatened and harassed him. He states that he was scared and called the police. Two officers responded to his call, but they advised him "that they had no jurisdiction over the matter." (Docket No. 1 at 7-8).

Following this incident, plaintiff states that he was "harassed and threatened for a period of three months" by unnamed staff and tenants. (Docket No. 1 at 8). Plaintiff alleges that defendant McKissic "later used this incident to have [him] illegally evicted from [his] apartment." He states that the harassment and threats by the Stamping Lofts staff caused him to suffer brain seizures.

Late in the morning of October 23, 2018, defendants McKissic and McBroom knocked on plaintiff's apartment door. Plaintiff states that he was in the shower, that his bathroom door was open, and that his bathroom door is directly adjacent to the apartment's front door.

McKissic and McBroom "announced that they were entering the apartment," and plaintiff advised them that he was in the shower. (Docket No. 1 at 9). He told them to call and make an appointment. Nonetheless, McKissic and McBroom stated they were coming inside. Plaintiff alleges that they "illegally unlocked [his] door and barged into the room," even though he was naked. Moreover, when McKissic opened the door, she knocked over a table, causing damage to his laptop computer, his notebook computer, his cell phone, and a recovery CD.

Before McKissic and McBroom entered the apartment, plaintiff called 911. Eventually, two St. Louis police officers arrived. Plaintiff told the officers he was running late for a medical appointment, so they told him that they would leave a report number and their names at the front desk. However, plaintiff states he never received these.

Plaintiff claims that defendant McKissic used her "master key to illegally enter [his] apartment several times before and after this incident." (Docket No. 1 at 10). This caused him undue panic and stress. He states that the St. Louis Police, the St. Louis County Sheriff's Department, and the Elder Abuse hotlines were not "able or willing to address this."

On October 29, 2018, at approximately 5:00 p.m., front desk personnel at Stamping Lofts granted "two St. Louis deputies" access to his apartment without a warrant. Plaintiff alleges that defendant McBroom had ordered him placed into a psychiatric facility "purely to harass" him. He asked the deputies for a warrant or an order signed by a judge. When the deputies could not produce such a document, plaintiff advised them that they were in his apartment illegally and asked them to leave. At this point, plaintiff claims that "the deputies became agitated and violent." He further alleges that they "assaulted [him] with mace and physical force, and then tasered [him,]" despite his behaving "very peacefully." (Docket No. 1 at 11). Plaintiff does not identify these deputies or name them as defendants in this action.

Plaintiff seeks $1,197 for his damaged property; $50,000 in damages for emotional suffering; and a further $100,000 for pain and suffering. He also wants all his damaged property to be replaced, and for defendant McKissic to pay his rent and utilities for the next year. Furthermore, he wants McKissic to pay all other expenses associated with finding new accommodations, including hotel costs. (Docket No. 1 at 12).

**Discussion**

Plaintiff has brought this civil action against defendants McKissic and McBroom, accusing them of harassment, trespassing, illegal entry, retaliatory eviction, lewd behaviors, assault, and theft. For the reasons discussed below, plaintiff will be directed to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

**A. Subject Matter Jurisdiction**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin*

*v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, plaintiff asserts that his case arises under federal question jurisdiction.

### B. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

A claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015).

Here, plaintiff asserts that the Court has federal question jurisdiction because his cause of action arises under 18 U.S.C. § 241. (Docket No. 1 at 4). This is a criminal statute that prohibits

two or more individuals from conspiring to violate the civil rights of another. *See United States v. Blakeney*, 876 F.3d 1126, 1131 (8th Cir. 2017).

"[T]he fact that a statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). Rather, like substantive federal law itself, a private right of action to enforce a federal law must be created by Congress. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). To that end, a criminal statute may provide an implied right of action if Congress intended to do so in enacting the statute. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 407 (8th Cir. 1999). In order to determine whether a private right of action exists, a court must consider four factors:

> (1) whether the plaintiff is a member of the class for whose benefit the statute was enacted; (2) whether Congress intended, explicitly or implicitly, to create such a remedy; (3) whether a private remedy is consistent with the underlying legislative scheme; and (4) whether a private right based on a federal statute would interfere with an area relegated to state law.

*Id.* at 408-09 (citing *Cort v. Ash*, 422 U.S. 66, 78 (1975)). The "ultimate issue" of this analysis is the intent of Congress, and "unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Thompson v. Thompson*, 484 U.S. 174, 179 (1988).

In this case, 18 U.S.C. § 241 is a bare criminal statute that does not provide for a private right of action. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242, and that the "statutes do not give rise to a civil action for damages"); and *Storm-Eggink*

*v. Gottfried*, 409 Fed. Appx. 426, 427 (2nd Cir. 2011) (stating that "nothing in the language or structure of [18 U.S.C.] § 241 suggests that Congress intended to create a private right of action"). Therefore, this section cannot provide a basis for federal question jurisdiction.

Plaintiff has also failed to state a claim under 42 U.S.C. § 1983. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016). Specifically, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). A plaintiff bringing a § 1983 action must include in his complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015).

Here, plaintiff has not alleged that defendants McKissic or McBroom are state actors or that they were acting under color of state law. It is also not clear what constitutionally-protected federal right they allegedly deprived him of. Thus, plaintiff has not stated a § 1983 claim against them. Plaintiff potentially has a § 1983 claim against the deputies he claims assaulted him. However, plaintiff does not name either deputy as a defendant. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Indeed, there is no indication at any point in the complaint that he is attempting to sue these deputies. For these reasons, plaintiff has failed to demonstrate the existence of a federal question.

C. **Diversity Jurisdiction**

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs,

and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. See also *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention there to remain. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Plaintiff has asserted an amount in controversy that exceeds the jurisdictional threshold. However, he has failed to establish the diversity of the parties. Specifically, while he states that he is a Missouri citizen, he fails to indicate the citizenship of either McKissic or McBroom.[1] Therefore, he has failed to demonstrate the existence of diversity jurisdiction.

### D. Order to Show Cause

As discussed above, plaintiff has not adequately provided a basis for this Court's jurisdiction. If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). Therefore, plaintiff will be ordered to show cause within thirty (30) days of the date of this order as to why this case should not be

---

[1] He does provide the addresses of their alleged employers, both of which are located in Saint Louis, Missouri.

9

dismissed for lack of subject matter jurisdiction. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

### E. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion must be dismissed at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff is required to show cause in writing and within **thirty (30) days** of the date of this order why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that failure to comply with this order will result in the dismissal of this case without prejudice and without further notice.

Dated this 1st day of August, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE